UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDREW J. GLUECK, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
| v. | )   Civil Action No. SA-17-CV-451-XR |
| | ) |
| NATIONAL CONFERENCE OF BAR | ) |
| EXAMINERS, TEXAS BOARD OF LAW | ) |
| EXAMINERS, LAW SCHOOL | ) |
| ADMISSIONS COUNCIL, INC., | ) |
| | ) |
|    *Defendants*. | |

## ORDER

The Court held a hearing in this case on October 26, 2017. For the reasons stated in open court, the Court dismisses as withdrawn Defendant National Conference of Bar Examiners' ("NCBE") 12(b)(1) Motion to Dismiss Plaintiff's claims under the American with Disabilities Act ("ADA") and Texas Human Resources Code. The Court further GRANTS NCBE's 12(b)(6) Motion to Dismiss and GRANTS the Texas Board of Law Examiners' ("TBLE") 12(b)(1) Motion to Dismiss. The Court further DENIES Plaintiff's Motion for Reconsideration. Docket no. 37.

## BACKGROUND

Plaintiff brought this action on a *pro se* basis on May 19, 2017, naming as defendants the NCBE, TBLE, and Law School Admissions Council, Inc. ("LSAC"). Docket no. 1. On July 24, 2017, Plaintiff filed an Amended Complaint, Docket no. 24, and on July 25, 2017, he filed a Second Amended Complaint. Docket no. 25. Plaintiff asserted claims under the ADA, the Texas Human Resources Code, and the Texas Deceptive Trade Practices Act ("DTPA"). *Id.*

1

Plaintiff is a third-year law school student and alleges he suffers from Attention Deficit Hyperactivity Disorder ("ADHD") Combined Type, Specific Learning Disorder (Reading and Comprehension Impairment), and dyslexia. Docket no. 25 at 8. Plaintiff alleges that his disability significantly compromises his reading comprehension and the rate at which he reads and writes. *Id.* Plaintiff states he has received accommodations while pursuing a graduate degree and on law school exams, including being granted extended testing time. *Id.*

On or about December 3, 2016, Plaintiff submitted a request for accommodations with the NCBE to take the Multistate Professional Responsibility Examination ("MPRE"), an ethics exam one must take and pass to be admitted to the State Bar of Texas. *Id.* at 15. On or about January 20, 2017, Plaintiff registered for the MPRE using LSAC's website, and he requested extended time (50%), an audio CD, and a non-scantron answer sheet for the MPRE. *Id.* On January 23, 2017, NCBE notified Plaintiff that it received his registration for the March 2017 MPRE test and to allow ten to fifteen days for its decision on his accommodation request. *Id.*

NCBE's website states that if NCBE denies an accommodation request, an individual will be notified of the decision and may seek reconsideration with any additional documentation. *Id.* at 17. The reconsideration request must be received prior to the late registration deadline for the corresponding MPRE test date. *Id.* For the March 2017 MPRE test date, the on-time registration deadline was January 26, 2017, and the late registration deadline was February 2, 2017. *Id.* at 16.

Plaintiff states that on February 16, 2017, NCBE denied his accommodation request. *Id.* at 17. On March 18, 2017, Plaintiff sat for and took the MPRE, and on April 12, 2017, Plaintiff learned he failed to pass the MPRE. *Id.*

Plaintiff alleges that NCBE's registration schedule, accommodations request system, and deadline to seek reconsideration for the MPRE allows NCBE to deny requests for accommodations due to its policy that there are no exceptions to its deadlines. *Id*. at 18. Plaintiff alleges that he submitted every document he possessed to evidence his disability, but that NCBE found that none of the documents warranted accommodations for the March 2017 MPRE. *Id.* Plaintiff states he was "unable to register for the August 2017 MPRE due to the fact that he was still waiting on a response from NCBE regarding his original complaint." *Id.* Plaintiff alleges it was reasonable for him to conclude "that submitting the same documents, shelling out more money to register for the MPRE, and hopefully receive a different determination—within five business days—was absolutely futile." *Id.* at 18–19.

Plaintiff states that on June 13, 2017, TBLE denied his request for accommodations for the July 2017 State Bar Exam. *Id.* at 23. Plaintiff alleges that TBLE provided no basis as to why denying his request would invalidate its "responsibility to maintain the integrity and validity" of the exam. *Id.* at 24. Plaintiff alleges that TBLE used its own expert consultants to call into question the documents he submitted about his disability. *Id.* Plaintiff alleges that TBLE violated his right to not be discriminated against as a disabled person. *Id.* at 25.

Plaintiff seeks declaratory and injunctive relief that would allow him 50% additional time to take any future administration of the MPRE and Texas Bar Exam.

On September 8, 2017, Defendants filed Motions to Dismiss for lack of subject-matter jurisdiction, failure to state a claim for which relief can be granted, and failure to plead claims sounding in fraud with particularity. Docket nos. 27, 28, 29. On October 16, 2017, the Court granted in part Defendants' Motions. The Court granted LSAC's Motion to Dismiss for lack of

subject-matter jurisdiction, granted NCBE's Motion to Dismiss for failure to state a claim with respect to Plaintiff's DTPA claims, and granted TBLE's Motion to Dismiss for lack of subject-matter jurisdiction with respect to Plaintiff's Texas Human Resources Code and DTPA claims under the principle of sovereign immunity. Docket no. 34.

At the October 26, 2017, hearing, the Court heard arguments on Plaintiff's remaining claims under the ADA and Texas Human Resources Code and Defendants' corresponding Motions to Dismiss. NCBE withdrew its 12(b)(1) Motion to Dismiss Plaintiff's claims. Now before the Court are: (1) NCBE's 12(b)(6) Motion to Dismiss Plaintiff's ADA claims, and (2) TBLE's 12(b)(1) Motion to Dismiss Plaintiff's ADA claim under the principle of sovereign immunity. Also before the Court is Plaintiff's Motion for Reconsideration. Docket no. 37.

## DISCUSSION

### I. Legal Standard

The Court must dismiss a cause for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Assn. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A motion to dismiss for lack of jurisdiction under 12(b)(1) may be decided on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). Unlike a 12(b)(6) motion, the district court is empowered to consider matters outside the complaint and matters of fact that may be in dispute in a 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). These elements are "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Texas*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan*, 504 U.S. at 560–61). Particularized means "that the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n. 1. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Because they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation. *Id.* At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561; *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 218 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Defendant NCBE's Motion to Dismiss

Plaintiff's brings an ADA claim under § 12189, which states that "[a]ny person that offers examinations . . . related to applications, licensing, certification, or credentialing for . . . professional . . . purposes shall offer such examinations . . . in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. Plaintiff also alleges a violation of § 12203, under which it is unlawful for a person to retaliate or interfere with any individual who exercises one's right as a person with a disability. 42 U.S.C. § 12203. An individual bringing a claim under these provisions may pursue a "civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." 42 U.S.C. § 2000a-3; *see* 42 U.S.C. § 12188(a).

Under § 12203, Plaintiff alleges that NCBE retaliated against and/or interfered with him exercising his right to be recognized as a disabled person. Docket no. 25 at 30. NCBE argues Plaintiff fails to state a claim for which relief can be granted because Plaintiff makes no factual

allegations as to what NCBE allegedly did to retaliate against or interfere with Plaintiff's exercise of his rights. Docket no. 27 at 9.

It is unlawful to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). It is further unlawful "to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." *Id.* § 12203(b).

As NCBE argues, Plaintiff states no factual allegations as to how NCBE retaliated or interfered with Plaintiff's exercise or enjoyment of his rights, nor has he stated any allegation as to how NCBE discriminated against him because he opposed any act or practice executed by NCBE. Despite Plaintiff's statements in open court, and although he states that he submitted a civil rights complaint with the Department of Justice with respect to LSAC, Docket no. 25 at 10, Plaintiff makes no factual allegations connecting this civil rights complaint or its outcome with NCBE in any way. Plaintiff only recites the statutory language. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, Plaintiff fails to state a claim under § 12203 for which relief can be granted. Plaintiff's claims against NCBE under § 12189 and the Texas Human Resources Code survive.

### III. Defendant TBLE's Motion to Dismiss

Plaintiff alleges TBLE violated the ADA under 42 U.S.C. §§ 12132, 12189, and 12203. TBLE argues this Court lacks subject-matter jurisdiction over Plaintiff's Title II and Title III claims—specifically those brought under §§ 12132 and 12189—because TBLE is immune to these ADA claims involving testing accommodations.

The Eleventh Amendment renders a State immune from any suit in law or equity brought by a State's own citizen without the State's consent. *Tennessee v. Lane*, 541 U.S. 509 (2004). This immunity extends to any state agency or entity deemed an "alter ego" or "arm" of the state. *See Perez v. Region 20 Educ. Serv. Center*, 307 F.3d 318, 326 (5th Cir. 2002). There is no dispute that TBLE is a state entity. Accordingly, the Eleventh Amendment bars Plaintiff's suit against TBLE unless Congress abrogated the state's sovereign immunity in enacting Title II and Title III of the ADA.

Congress may abrogate state sovereign immunity when it both unequivocally intends to do so and, in its abrogation, acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Reickenbacker v. Foster*, 274 F.3d 974, 977 (5th Cir. 2001). The ADA contains an unequivocal statement of congressional intent to abrogate the sovereign immunity of the individual States. See 42 U.S.C. § 12202; 42 U.S.C. § 2000d–7(a)(1); *Reickenbacker*, 274 F.3d at 977. Congress, however, must have acted pursuant to a valid grant of constitutional authority. See *Lane*, 541 U.S. at 517–18.

#### A. Plaintiff's Title II Claim

In *Reickenbacker*, the Fifth Circuit held that that the accommodations obligations imposed by Title II are not a valid exercise of Congressional power under § 5 of the Fourteenth

Amendment and therefore do not abrogate the state's Eleventh Amendment immunity. *See Reickenbacker*, 274 F.3d at 983. Subsequently, in *Lane*, the Supreme Court upheld Title II as a valid as a valid exercise of Congress's § 5 authority under the Fourteenth Amendment, but limited that ruling to apply to cases implicating the fundamental right of access to the courts. *Lane*, 541 U.S. at 530. Specifically, the Court stated:

> Petitioner urges us both to examine the broad range of Title II's applications all at once, and to treat that breadth as a mark of the law's invalidity. According to petitioner, the fact that Title II applies not only to public education and voting-booth access but also to seating at state-owned hockey rinks indicates that Title II is not appropriately tailored to serve its objectives. But nothing in our case law requires us to consider Title II, with its wide variety of applications, as an undifferentiated whole. Whatever might be said about Title II's other applications, the question presented in this case is not whether Congress can validly subject the States to private suits for money damages for failing to provide reasonable access to hockey rinks, or even to voting booths, but whether Congress had the power under § 5 to enforce the constitutional right of access to the courts. Because we find that Title II unquestionably is valid § 5 legislation as it applies to the class of cases implicating the accessibility of judicial services, we need go no further.

*Id.* The Court found the issue of access to the courts was subject to "more searching judicial review," because it is protected by the Due Process Clause of the Fourteenth Amendment and the Confrontation Clause of the Sixth Amendment, as applied to the States via the Fourteenth Amendment. *Id.* at 523.

The Court finds no authority that indicates that the right to practice law is a fundamental right. Other courts have ruled similarly. *See Simmang v. Texas Bd. of Law Exam'rs*, 346 F. Supp. 2d 874, 882 (W.D. Tex. 2004); *see also Leis v. Flynt*, 439 U.S. 438, 444 n. 5 (1979) ("[T]he suggestion that the Constitution assures the right of a lawyer to practice in the court of every State is a novel one, not supported by any authority brought to our attention."); *Tolchin v. Supreme Court of the State of N.J.*, 111 F.3d 1099, 1114 (3rd Cir. 1997), cert. denied, 522 U.S.

977 (1997) ("[t]he Supreme Court has indicated that the right to practice law is not a fundamental right for the purposes of the Fourteenth Amendment . . . . Moreover, we have flatly rejected the argument that the practice of law is a fundamental right protected by the Equal Protection Clause") (citations omitted).

Plaintiff points to *Bartlett v. New York State Bd. of Law Examiners*, 226 F.3d 69, 74 (2d Cir. 2000) in support of his argument that his ADA claims should survive TBLE's Motion to Dismiss. In *Bartlett*, the Second Circuit considered the case of a plaintiff with dyslexia who sued the New York State Board of Law Examiners ("NYSBLE") seeking accommodations under the ADA. *Id.* The Second Circuit considered the merits of Plaintiff's claim that she was disabled and that the NYSBLE must provide accommodations. *Id.* However, *Bartlett*—which was decided prior to *Lane*—did not hold that the practice of law is a fundamental right. Nor did the *Bartlett* Court weigh in on the question of sovereign immunity. This Court finds the Fifth Circuit's holding in *Reickenbacker* and the Supreme Court's analysis in *Lane* to be more relevant to reach its ruling in this case.

The Supreme Court's decision in *Lane* was limited to the fundamental right of access to the courts, and no authority demonstrates that the practice of law is a fundamental right. Accordingly, the Court finds it is bound by the decision in *Reickenbacker* that the accommodation obligation imposed by Title II—as far as it relates to non-fundamental rights— exceeds that imposed by the Constitution and is not a valid abrogation of state sovereign immunity. *Reickenbacker*, 274 F.3d at 983. Thus, TBLE is entitled to Eleventh Amendment immunity from Plaintiff's Title II claims alleged under § 12132.

### B. Plaintiff's Title III Claim

Plaintiff also brings a Title III claim under § 12189. Title III of the ADA prohibits the discrimination against individuals because of their disabilities with respect to public accommodations. *See* 42 U.S.C. §§ 12181–12189. Title III is often invoked by individuals complaining of disability discrimination by private, rather than public, entities. *See, e.g.*, *Bloom v. Bexar County, Tex.*, 130 F.3d 722, 726 (5th Cir. 1997) ("Title III expressly does not apply to public entities"). Accordingly, the issue of sovereign immunity as it relates to Title III has remained something of an open question. Courts that have addressed the issue of sovereign immunity have found, at least as it relates to access to a state bar examination, Congress's abrogation of States' Eleventh Amendment immunity under Title III of the ADA was not a valid exercise of Congress's § 5 authority under the Fourteenth Amendment. *See Simmang*, 346 F. Supp. 2d at 884.

In *Lane*, the Supreme Court held that "Section 5 legislation is valid if it exhibits 'a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end.'" *Lane*, 541 U.S. at 510. (quoting *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997)). In *Reickenbacker*, the Fifth Circuit applied this analysis to find that, given Title II imposes obligations on public entities that far exceeds what is imposed by the Constitution, which imposes no accommodation obligation, Title II failed the Supreme Court's congruence and proportionality test and was not a valid exercise of congressional power. *Reickenbacker*, 274 F.3d at 983.

The Court joins other courts in concluding that, similar to the Fifth Circuit's analysis with respect to Title II, Congress did not validly abrogate States' sovereign immunity in enacting Title

III of the ADA, to the extent that it contains an abrogation as applied to cases implicating access to a state bar examination. *See Simmang*, 346 F. Supp. 2d at 884. As with Title II, § 12189 imposes affirmative obligations on public entities by requiring a state, when administering licensing or professional examinations, to offer such examinations "in a place or manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. These affirmative obligations do more than only prohibit unconstitutional discrimination against disabled individuals. *See Reickenbacker*, 274 F.3d at 983. Given the obligations set out in § 12189 exceed what is imposed by the Constitution, and no fundamental right is at issue, TBLE is entitled to Eleventh Amendment immunity from Plaintiff's Title III claims alleged under § 12189.

### C. Plaintiff's Title V Claim

Plaintiff brings a Title V claim under § 12203. TBLE does not argue that this Court lacks subject-matter jurisdiction over Plaintiff's Title V claim under § 12203, nor is the Court aware of any other ruling that Congress invalidly abrogated States' sovereign immunity in enacting Title V of the ADA. Accordingly, Plaintiff's § 12203 claim survives at this time.

## IV. Plaintiff's Motion for Reconsideration

Plaintiff filed a Motion for Reconsideration of the Court's Order that granted LSAC's Motion to Dismiss and TBLE's Motion to Dismiss certain state law claims. Docket no. 37. The motion is denied for the reasons explained in the Court's prior order. *See* Docket no. 34.

## CONCLUSION

For the foregoing reasons, Defendant NCBE's 12(b)(6) Motion to Dismiss Plaintiff's retaliation claim under § 12203 is GRANTED. Docket no. 27. Plaintiff's claims against NCBE

under § 12189 and the Texas Human Resources Code survive. Defendant TBLE's 12(b)(1) Motion to Dismiss Plaintiff's Title II and III claims is GRANTED. Docket no. 29. Plaintiff's Title V claim against TBLE survives. Further, Plaintiff's Motion for Reconsideration is DENIED. Docket no. 37.

It is so ORDERED.

SIGNED this 3rd day of November, 2017.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE